

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 6556

Re: Form to be used in notifying those who have been appointed Notaries Public, and fee to be charged by county clerk for sending out such notices.

Your letter of May 4, 1945, requesting the opinion of this department on the questions stated therein is in part as follows:

"Our County Clerk has been mailing out postcard notices to those who have been appointed Notaries Public. At the request of the County Clerk of this County, I am writing you to ask whether there is any particular form of notice requiring to be sent out and what fee, if any, the County Clerk is entitled to charge for sending out the notices to those appointed, etc.

"Article 3930, R.C.S. provides that for issuing notices including copies for posting of publication 75¢ fee for the County Clerk. This provision appears to apply to regular notices required in probate matters and other instances. However, the County Clerk states that if he issues a regular formal notice to those appointed Notaries Public setting out the time in which they must qualify, etc., that he would be entitled to the 75¢ fee in each instance."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION

Hon. Charles H. Theobald, page 2

Article 5949, Vernon's Annotated Civil Statutes, is in part as follows:

"3. Any person desiring appointment as Notary Public shall furnish to the County Clerk of the county of residence of the applicant his name as it will be used in acting as such Notary Public, his post office address, and shall satisfy the Clerk that he is at least twenty-one (21) years of age and a resident of the County for which such appointment is sought. The names of all such persons shall be sent forthwith in duplicate by the County Clerk to the Secretary of State with the certificate of the County Clerk certifying that according to the information furnished him such person is eligible for appointment as Notary Public for such county. The Secretary of State shall act upon all such names submitted at the earliest practicable time and notify the County Clerk whether such appointment or appointments have been made. Upon receiving notice from the Secretary of State of any such appointment the County Clerk shall forthwith notify all persons so appointed to appear before him within ten (10) days from the date of such notice (but not before the first day of June of odd numbered years in the case of appointments for the term beginning on such date or re-appointments hereinafter provided for) and qualify as hereinafter provided. The appointment of any person failing to qualify within such ten (10) day period shall be void, and if any such person desires thereafter to qualify, his name shall be resubmitted in the same manner as hereinabove provided.

"4. At the time of such qualification the County Clerk shall collect the fees allowed him by law for administering the oath and approving and filing the bond of such Notary Public, together with the fee allowed by law to the Secretary of State for issuing a commission to such Notary Public. . . ."

Article 3930, V. A. C. S., provides in part:

"Clerks of the County Court shall receive the following fees; . . . . issuing notices, including copies for posting or publication 75¢."

Hon. Charles H. Theobald, page 3

It will be noted that Article 5949 prescribes no particular form of notice that the County Clerk must use in notifying persons who are appointed Notaries Public. The statute merely provides that upon receiving notice from the Secretary of State for any such appointment the County Clerk shall forthwith notify all persons so appointed to appear before him within ten days from the date of such notice but not before the first day of June of odd numbered years in the case of appointment for the term beginning on such date or re-appointment as provided by the statute and qualify as provided by said Article 5949. It is our opinion that the notice of the County Clerk to those who are appointed Notaries Public is not the type of notice contemplated by the Legislature when Article 3930 was enacted. It is our further opinion that Article 3930 does not provide any compensation for issuing the notice required by Art. 5949.

Generally speaking, it is well established that an officer is not entitled to any compensation in addition to that which has been fixed by law for the performance of the duties of his office, even though the compensation so fixed is unreasonable or inadequate. He may be required by law to perform specific services or discharge additional duties for which no compensation is provided. (See Terrell vs. King, 14 S. W. 2d, 786; Burke vs. Bexar County, 271 S. W. 132; Rice vs. Roberts, 177 S. W. 149; and Texas Jurisprudence, Vol. 34, page 531.)

It will be noted that Sec. 4 of Art. 5949 specifically provides that the County Clerk shall collect the fees allowed him by law for administering the oath and approving and filing the bonds of Notaries Public, together with the fee allowed by law to the Secretary of State for issuing a commission to a Notary Public. This provision of the statute does not provide any compensation for giving the notice required by Sec. 3 of Art. 5949 heretofore quoted.

Answering the questions under consideration, you are advised that it is our opinion that the statute prescribes no

particular form to be used by the County Clerk in giving the notice to those who are appointed Notaries Public as required by Sec. 3 of Art. 5949.  It is our further opinion that no legal charge can be made by the County Clerk for giving such notice.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:rt

APPROVED MAY 18, 1945

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE